## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **HERITAGE HOMES OF** | * | |
| **NORTHWEST FLORIDA, LLC, a** | | |
| **limited liability corporation,** | * | |
| | | |
| **Plaintiff,** | * | |
| | | |
| **vs.** | * | CASE NO. _____ |
| | | |
| **KNAUF GIPS KG, a German** | * | **PLAINTIFF DEMANDS TRIAL** |
| **corporation; KNAUF PLASTERBOARD** | | **BY JURY.** |
| **(TIANJIN) CO., LTD., a Chinese limited** | * | |
| **liability corporation; KNAUF** | | |
| **PLASTERBOARD (WUHU) CO., LTD.,** | * | |
| **a Chinese limited liability corporation;** | | |
| **KNAUF PLASTERBOARD** | * | |
| **(GUANGDONG) CO., LTD., a Chinese** | | |
| **limited liability corporation; KNAUF** | * | |
| **PLASTERBOARD (DONGGUAN)** | | |
| **CO., LTD., a Chinese limited liability** | * | |
| **corporation; TAISHAN GYPSUM CO.,** | | |
| **LTD. (f/k/a Shandong Taihe Dongxin** | * | |
| **Co., Ltd.), a Chinese limited liability** | | |
| **corporation); SMOKY MOUNTAIN** | * | |
| **MATERIALS, INC., d/b/a EMERALD** | | |
| **COAST BUILDING MATERIALS; and** | * | |
| **NORTH PACIFIC GROUP, INC.,** | | |
| | * | |
| **Defendants.** | | |
| | * | |

-1-

## COMPLAINT

Comes now Heritage Homes of Northwest Florida, LLC ("Heritage") and for its complaint against Defendants Knauf Gips KG ("Knauf Gips"); Knauf Plasterboard (Tianjin) Co., Ltd. ("Knauf Tianjin"); Knauf Plasterboard (Wuhu) Co., Ltd. ("Knauf Wuhu"); Knauf Plasterboard (Guangdong) Co., Ltd. ("Knauf Guangdong"); Knauf Plasterboard (Dongguan) Co., Ltd. ("Knauf Dongguan"); Taishan Gypsum Co. Ltd. (f/k/a Shandong Taihe Dongxin Co. Ltd.) ("Taishan"); Smoky Mountain Materials, Inc., d/b/a Emerald Coast Building Materials ("Smoky Mountain"); and North Pacific Group, Inc. ("North Pacific") alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action for actual damages represented by the costs of purchasing defective drywall, as well as out of pocket expenses incurred to remediate the defective drywall and other property damaged by it.

2.     All of the claims asserted herein arise out of Defendants' design, manufacture, marketing, warranting, distribution, and/or sale to Plaintiff of imported drywall that Defendants knew or should have known was fundamentally unsuitable for its intended purpose.

3.     As a direct and proximate result of Defendants' negligent and otherwise culpable misconduct, Plaintiff purchased and installed defective drywall which has damaged

or is presently damaging other components of properties built by Plaintiff. Plaintiff has had to replace, and/or will continue to have to replace, Defendants' defective drywall at its expense, and to repair or replace other property and incur other remediation expenses, all as a result of the Defendants' misconduct alleged herein.

## PARTIES, JURISDICTION, AND VENUE

4.      Heritage is a Florida limited liability corporation with its sole member being a citizen of Alabama. Heritage is a homebuilder and has built homes in the State of Florida.

5.      Defendant Knauf Gips is a German corporation doing business in the State of Florida. Knauf Gips is a manufacturer of building materials and systems. Knauf Gips, together with its affiliates, including Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan, provides building materials and systems to customers in over 50 countries, including the United States. Upon information and belief, at all material times hereto, Knauf Gips supervised, operated, trained and otherwise exercised control and/or had the right to control the operations of Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan, and its agents, apparent agents, and employees.

6.      Upon information and belief, Knauf Gips, together with its affiliates and/or actual or apparent agents, including Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan, manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more. Upon information and belief, Knauf Gips and/or Knauf

Tianjin and/or Knauf Guangdong and/or Knauf Wuhu and/or Knauf Dongguan has continuously and systematically distributed and sold drywall to numerous purchasers in the United States, and their drywall is installed in homes and multi-family dwellings built by Plaintiff. As discussed more fully below, Knauf Gips and/or Knauf Tianjin and/or Knauf Guangdong and/or Knauf Wuhu and/or Knauf Dongguan manufactured and sold, directly and indirectly, to certain suppliers, including Defendants Smoky Mountain and North Pacific. Moreover, Knauf Gips and/or Knauf Tianjin and/or Knauf Guangdong and/or Knauf Wuhu and/or Knauf Dongguan purposefully availed themselves of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into the State of Florida and by hiring agents within the State of Florida to investigate the very allegations at issue in this lawsuit.

7.    Defendants Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan are Chinese corporations doing business in the State of Florida. Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan are involved in the manufacturing and sale of gypsum drywall. Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan are the actual agents and/or apparent agents of Knauf Gips. Upon information and belief, Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, and Knauf Dongguan, individually and/or together with and at the direction and control of its principal, Knauf Gips, manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within the United States. Knauf Tianjin and/or Knauf Guangdong and/or Knauf Wuhu and/or Knauf Dongguan and/or Knauf Gips has continuously and

systematically distributed and sold drywall to numerous purchasers in the State of Florida and their drywall is installed in numerous homes in Florida. As discussed more fully below, Knauf Tianjin and/or Knauf Guangdong and/or Knauf Wuhu and/or Knauf Dongguan and/or Knauf Gips manufactured and sold, directly and indirectly, to certain suppliers in the United States defective gypsum drywall that was installed in homes being built by Plaintiff, thereby causing substantial damage. Knauf Tianjin and/or Knauf Guangdong and/or Knauf Wuhu and/or Knauf Dongguan and/or Knauf Gips purposefully availed themselves of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into the State of Florida and by hiring agents within the State of Florida to investigate the very allegations at issue in this lawsuit.

8.      Defendant Taishan is a Chinese corporation doing business in the State of Florida. Taishan is involved in the manufacturing and sale of gypsum drywall. Upon information and belief, Taishan manufactured, sold, distributed, marketed and placed within the stream of commerce gypsum drywall with the expectation that the drywall would be purchased by thousands of consumers, if not more, within the United States. Taishan has continuously and systematically distributed and sold drywall to numerous purchasers in the State of Florida and Taishan's drywall is installed in numerous homes in Florida. As discussed more fully below, and upon information and belief, Taishan manufactured and sold to certain suppliers in the States of Alabama, Mississippi, Louisiana, Georgia, and Florida, defective gypsum drywall that was installed in homes being built by Plaintiff, thereby

causing substantial damage. Taishan purposefully availed itself of the jurisdiction of this Court by selling and shipping substantial quantities of drywall into the State of Florida.

9.      Defendant Smoky Mountain is a corporation organized in a State other than Alabama, with its principal place of business in Florida. Smoky Mountain is a building supply company with offices in Florida, and has shipped and/or supplied building products in the State of Florida such that it is doing business in that State.

10.     Defendant North Pacific is a corporation organized in a State other than Alabama, with its principal place of business in Oregon. North Pacific is a building supply company which has shipped and/or supplied building products in the State of Florida such that it is doing business in that State.

11.     This Court has personal jurisdiction over Defendants because they are engaged in substantial and not isolated activity within this state. Additionally, Plaintiff's causes of action arise from Defendants personally or through their agents, causing injury to property within the State of Florida arising out of acts or omissions of Defendants outside the State of Florida, and at the time of the injury, products, materials, or things manufactured by Knauf Gips, Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, Knauf Dongguan, and Taishan were used and consumed within the State of Florida in the ordinary course of commerce, trade, or use. Said products were distributed by Defendants Smoky Mountain and North Pacific in the ordinary course of commerce, trade or use and shipped into the State of Florida.

-6-

12.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §
1332 in that the citizenship of Plaintiff is diverse from the citizenship of each of the
Defendants and the amount in controversy exceeds $75,000.

### FACTUAL ALLEGATIONS

13.     In connection with the construction of single family homes in the State of
Florida, Plaintiff purchased and had installed gypsum drywall distributed by Smoky
Mountain and North Pacific.

14.     Upon information and belief, Smoky Mountain and/or North Pacific
purchased, directly and/or indirectly, gypsum drywall that was manufactured in China by
Defendants Knauf Gips, Knauf Tianjin, Knauf Guangdong, Knauf Wuhu, Knauf Dongguan,
and Taishan (collectively, the "Manufacturers"), which was imported and/or distributed by
Defendants Smoky Mountain and North Pacific.

15.     Defendants improperly designed, formulated, tested, manufactured, inspected,
marketed, distributed, warranted, advertised, and sold to Plaintiff drywall which contains one
or more contaminates such that the drywall is unsuitable for its intended purposes.

16.     This drywall is uniformly and inherently defective in that even when properly
installed and used for its intended purpose, the drywall chemically reacts with the metals and
causes corrosion of other metal products.  This incompatibility results in physical damage
to other products (the "Defect").

17.     After building houses with the drywall manufactured by Manufacturers, Plaintiff was notified by its customers of HVAC system problems in certain homes it constructed in Florida.  As a result, Plaintiff began an investigation into the source of the problem.  Plaintiff has determined that HVAC coils and components, and other affected materials and items (the "Other Property"), are being attacked by a chemical reaction causing extensive corrosion.   This corrosion and damage is observable as a black surface accumulation on the Other Property.  The damage to the Other Property is a direct consequence of a defect in the drywall manufactured and sold by Defendants.

18.     As a direct consequence of the defective product installed in the homes built by Plaintiff, Plaintiff was obligated to, and did, replace affected Other Property at its own expense.  Further, Plaintiff has incurred time and expense investigating the source of the problem and in testing to determine the cause and extent of the problem.

19.     The defective drywall in the affected homes was supplied by Smoky Mountain and North Pacific.  Upon information and belief, Smoky Mountain and North Pacific received the defective drywall directly or indirectly from the Manufacturers, who manufactured the defective drywall in China.

20.     Upon information and belief, Defendants knew, or were extremely reckless in not knowing, at or before the time they sold the drywall that the drywall contained the Defect and that the Defect would cause damage to Other Property. Defendants had exclusive possession of this information and knowledge.

-8-

21.    At all times, Defendants concealed from and/or failed to disclose to Plaintiff the Defect, and failed to remove the drywall from the marketplace or take remedial action.

## COUNT I
### (Negligence/ Gross Negligence)

22.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

23.    Defendants owed a duty to Plaintiff to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, marketing, advertising, and sale of the drywall.

24.    Defendants breached their duty to Plaintiff by designing, manufacturing, marketing, advertising, and selling to Plaintiff defective drywall that is unfit for its intended purpose; by failing to warn of the defective nature of the drywall; and by failing promptly to remove the drywall from the marketplace or take other appropriate remedial action.

25.    Defendants knew or reasonably should have known that the drywall was defective, would cause other building components to fail prematurely, was not suitable for its intended use in construction and otherwise was not as warranted and represented by the Defendants.

26.    Defendants not only possessed superior knowledge about the composition and defective nature of the drywall, but also knew or reasonably should have known that the Defect would cause physical damage to Plaintiff's houses and properties; require additional

monitoring; require repair and/or replacement of prematurely failed components; and inflict significant losses on Plaintiff.

27.    As a direct and proximate result of the Defendants' negligence, Plaintiff has sustained actual damages in that they have incurred the costs of repairing and replacing defective drywall and other components, and remediating consequent property damage, as well as the cost of the defective drywall.

28.    Defendants' employees also engaged in this wrongful conduct, with the active and knowing participation of Defendant entities and/or the knowing endorsement, ratification, and consent of Defendants' officers, directors, or managers.

29.    Defendants' conduct constituted also gross negligence, in that it was so willful, wanton, reckless, or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff.

## COUNT II
### (Strict Products Liability)

30.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

31.    At all relevant times, Defendants were engaged in the business of designing, manufacturing, marketing, advertising, and/or selling into the stream of commerce the drywall that is the subject of this action.

32.    The drywall purchased by Plaintiff, and/or installed by it in homes and real estate improvements constructed by them, was and is defective and unfit for its intended use.

33.    Defendants knew and expected that the drywall would reach, and it did reach, Plaintiff without any substantial change in its condition.

34.    Under normal use, as alleged above, the drywall fails to perform in accordance with the reasonable expectations of Plaintiff and ordinary consumers.

35.    The risks of harm posed by the failure of the drywall outweigh the benefits of its design.

36.    The Manufacturers, in exercising reasonable care, should have produced properly-designed drywall.  Had they done so, this would have prevented the injury and damages suffered by Plaintiff resulting from the Defect.

37.    As a direct and proximate cause of the Manufacturers' defective design, and/or manufacture of the drywall, and the Defendants' sale of the drywall into the stream of commerce, Plaintiff has suffered or is substantially certain to suffer damages, including damage to property, and has incurred, or is substantially certain to incur, the costs of testing, repairing and replacing defective drywall and other components, remediation of consequent property damage, as well as resulting business disruption losses and diminished consumer confidence in Plaintiff's business.

38.    Defendants knew or should have known of the risks posed by the drywall, and the risks of property damage posed to those who purchased and installed the drywall, but failed to provide adequate warnings of the known or foreseeable risks.  Defendants had a

-11-

duty not to put on the market products that posed a serious danger without issuing warnings to Plaintiff.

39.     Defendants breached their duty to warn by unreasonably failing to provide warnings concerning any of the facts alleged herein to Plaintiff.

40.     Defendants' failure to warn, as alleged herein, proximately caused reasonably foreseeable injuries to Plaintiff. Plaintiff would have heeded legally adequate warnings, and not purchased the Defendants' drywall, but would have purchased another drywall product. The absence of warnings by the Defendants was the proximate cause of present and future damages sustained by Plaintiff.

41.     As a direct and proximate result of Defendants' above-described failure to warn, Plaintiff has suffered or is substantially certain to suffer damages, including damage to property, and has sustained actual damages in that it has incurred the costs of repairing and replacing defective drywall and other components, and remediating consequent property damage, as well as the costs of the defective drywall.

42.     Defendants' wrongful conduct, alleged in the foregoing paragraphs, was intentional, in that Defendants' managing agents, primary owners, and/or other officers or directors acted with knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to Plaintiff would result and, despite that knowledge, intentionally sold drywall without proper testing, concealed the Defect, and failed to warn purchasers of the Defect.

43      Defendants' employees also engaged in this wrongful conduct, with the active and knowing participation of Defendant entities and/or the knowing endorsement, ratification, and consent of Defendants' officers, directors, or managers.

44.     Defendants' conduct also constituted gross negligence, in that it was so willful, wanton, reckless, or wanting in care that it constituted a conscious disregard or indifference to the rights of Plaintiff.

## COUNT III
### (Unjust Enrichment)

45.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

46.     Defendants have been unjustly enriched in that they have wrongfully acquired a benefit, i.e., funds and profits, by their wrongful behavior described above.

47.     Defendants have continued to acquire funds and profits despite their knowledge of the defectiveness of, and risks posed by, the defective drywall.

48.     The circumstances under which Defendants profited from the sale of the drywall make it inequitable for them to retain those funds and profits.

49.     Plaintiff demands that Defendants be ordered to disgorge, for the benefit of Plaintiff, all or part of their ill-gotten profits received from the sale of the defective drywall, and/or make full restitution to Plaintiff.

-13-

## COUNT IV
## (Implied Warranty of Merchantability)

50    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

51.    Each of the Defendants is a merchant of gypsum drywall.

52.    Under the laws of Alabama, Mississippi, Louisiana, Georgia, Florida, and Texas, Defendants impliedly warranted directly to Plaintiff, or to their predecessors in title, that the gypsum drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used.

53.    Plaintiff is an intended third party beneficiary of the warranty given by Defendants to its predecessors in title and the clear and manifest intent of the Defendants' sales contracts was to primarily and directly benefit Plaintiff.

54.    Defendants breached the implied warranty of merchantability by selling certain gypsum drywall that was defective and not reasonably fit for the ordinary purpose for which gypsum drywall is used.

55.    Specifically, certain of the drywall supplied by Defendants and installed in the affected homes is defective because it has caused damage to Other Property in the affected homes.

56.    Plaintiff timely notified Defendants of the defective gypsum drywall, but Defendants have failed to repair or replace the defective gypsum drywall.

-14-

57.    As a result of Defendants' breach of the implied warranty of merchantability, Plaintiff has been damaged. These damages include, but are not limited to, the costs of repairing and replacing defective drywall and other components, and remediating consequent property damage, as well as the costs of the defective drywall.

## COUNT V
## Express Warranty

58.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

59.    Defendants expressly affirmed that the product they were selling to Plaintiff was gypsum drywall. By trade custom and practice, said warranty included an affirmation that the product was essentially gypsum, a paper backing, and nothing else. That affirmation constitutes an express warranty under the laws of Alabama, Mississippi, Louisiana, Georgia, Florida, and Texas. Plaintiff relied on said express warranty in selecting and utilizing the subject drywall.

60.    Defendants breached said express warranty by selling a product that did not conform to said affirmation, namely that the product was contaminated with a compound containing a high sulfur content such that it is not essentially gypsum.

61.    Specifically, certain of the drywall supplied by Defendants and installed in the affected homes is defective because it has caused damage to Other Property in the affected homes.

-15-

62.    Plaintiff timely notified Defendants of the defective gypsum drywall, but Defendants have failed to repair or replace the defective gypsum drywall.

63.    As a direct consequence of said breach, Plaintiff has been damaged. These damages include, but are not limited to, the costs of repairing and replacing defective drywall and other components, and remediating consequent property damage, as well as the costs of the defective drywall.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants and in favor of Plaintiff and award the following relief:

A.    Compensatory damages;

B.    Consequential damages, including but not limited to business disruption costs suffered by Plaintiff as a result of their purchase of the drywall;

C.    Punitive damages;

D.    A declaration that the Defendants must disgorge all or part of their ill-gotten profits received from the sale of defective drywall and/or make full restitution to Plaintiff;

E.    An award of costs and attorneys' fees, as allowed by law;

F.    A permanent injunction mandating that Defendants replace all defective drywall with equivalent products that are free from defects;

-16-

G.    Such other or further relief, including equitable relief, as this Court deems

appropriate under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

STEVEN L. NICHOLAS (ASB-2021-N35S)
R. EDWIN LAMBERTH
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191
251-479-1031 (fax)

JONATHAN D. SELBIN
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, New York  10017-2024
212-355-9500
212-355-9592 (fax)

ELIZABETH J. CABRASER
KRISTEN E. LAW
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, Suite 3000
San Francisco, California  94111-3339
415-956-1000
415-956-1008 (fax)

Attorneys for Plaintiff

**DEFENDANTS TO BE SERVED AS FOLLOWS:**

Knauf Gips KG
Ridham Dock, Kemsley
Sittingbourne, Kent ME9 8SR, UK

-17-

Knauf Plasterboard (Tianjin) Co., Ltd.
North Yinhe Bridge, East Jingjin Road
RC-300400 Tianjin, China

Knauf Plasterboard (Guangdong) Co., Ltd.
No. 2 Xinsha Development Zone
RC-52347 Guangdong, China

Knauf Plasterboard (Wuhu) Co., Ltd.
No. 2 Gang Wan Road
RC-241009 Whuhu Anhui, China

Knauf Plasterboard (Dongguan) Co., Ltd.
No. 2 Gang Wan Road
RC-241009 Whuhu Anhui, China

Taishan Gypsum Co. Ltd.
Dawenkou Daiyue District
RC-271026 Tai'an Shandong, China

Smoky Mountain Materials, Inc.
d/b/a Emerald Coast Building Materials
8040 North Palafox Street
Pensacola, Florida  32534

North Pacific Group, Inc.
10200 SW Greenburg Road
Portland, Oregon  97223